UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEARNING CARE GROUP, INC.** | |
| Plaintiff, | Case No.: 3:13-cv-1540 (VLB) |
| v. | |
| **CARLENE ARMETTA, DAVID ARMETTA, and ASPIRA MARKETING DIRECT, LLC,** | |
| Defendants. | January 17, 2014 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**             October 22, 2013

**Date Complaint Served:**            October 25, 2013

**Date of Defendant's Appearance:**   November 12, 2013

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held via telephone on January 16, 2014. The participants were:

On behalf of the Plaintiff Learning Care Group, Inc.:

> Tricia B. Sherno, Esq.
> Debevoise & Plimpton LLP
> 919 Third Avenue
> New York, NY 10022
> Telephone: (212) 909-1031
> Facsimile: (212) 909-6836
> Email: jhamid@debevoise.com
> Email: tbsherno@debevoise.com

On behalf of the Defendants Carlene Armetta, David Armetta and Aspira Marketing Direct, LLC ("Aspira"):

> Christopher Geotes, Esq.

**Pastore & Dailey LLC**
**4 High Ridge Park, Third Floor**
**Stamford, CT  06905**
**Telephone:  (203) 658-8454**
**Facsimile:  (203) 348-0852**
**Email:  cgeotes@psdlaw.net**
\* \* \* \*
**Michele Martin, Esq.**
**Pastore & Dailey LLC**
**8763 SW 27th Lane, Suite 101**
**Gainesville, FL 32608**
**Telephone:  (352) 672-6763**
**Facsimile:   (352) 672-6973**
**Email:  mmartin@psdlaw.net**

I.  **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and the basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **Jurisdiction**

　　A.  **Subject Matter Jurisdiction**

　　Jurisdiction is proper within the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1332(a)(1) because the parties are fully diverse, and the amount in controversy exceeds $75,000.00.

　　B.  **Personal Jurisdiction**

　　Personal Jurisdiction is not contested.

### III. Brief Description of Case

This case arises from Plaintiff's determination that a purported conflict of interest existed between Plaintiff, Defendants David Armetta and Aspira, and Defendant Carlene Armetta (an employee of Plaintiff, wife of Defendant David Armetta).  Plaintiff alleges that Defendant Carlene Armetta breached the fiduciary duties she owed to Plaintiff, and Defendants David Armetta and Aspira aided and abetted Mrs. Armetta's breach of such duties.  Plaintiff further alleges that Defendants' actions resulted in the misappropriation of Plaintiff's funds through fraud and conversion and that Defendants were unjustly enriched by their misappropriation of funds.   Defendants' position is that Defendant Carlene Armetta did not breach any fiduciary duties owed to Plaintiff and Defendants did not misappropriate Plaintiff's funds.

    A. **Claims of Plaintiff**

    Plaintiff has asserted claims for (1) Breach of Fiduciary Duty, (2) Aiding and Abetting Breach of Fiduciary Duty, (3) Constructive Fraud, (4) Conversion,  (5) Violations of the Connecticut Unfair Trade Practices Act, and (6) Unjust Enrichment.

    B. **Defenses and Claims of Defendants**

    At the time of filing of this Rule 26(f) Report, Defendants have not set forth any counterclaims or defenses.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  While the parties

have not yet been able to agree on which if any facts may be undisputed, the parties have agreed to revisit these determinations on a continual basis.

V. **Case Management Plan**

    A. **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

        1. The close of fact discovery to occur on June 10, 2014, nine (9) months after filing of the complaint.

        2. The deadline for the parties' motions for summary judgment on August, 10, 2014, sixty (60) days after the close of discovery.

    B. **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C. **Early Settlement Conference**

        1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking any significant discovery or motion practice.  Settlement is unlikely at this time.

        2. An early settlement conference was held with Magistrate Judge Thomas P. Smith on January 9, 2014.  The case did not settle.

        3. Parties do not request a referral for alternative dispute

resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties and Amendment of Pleadings**

1. At this time, neither Plaintiff nor Defendants intend to join any other parties to this case.

2. Plaintiff has no current intention to amend its complaint, but reserves all rights to amend its pleadings in accordance with applicable rules.

3. Defendants should be allowed until January 31, 2014 to file a response to the complaint.

E. **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

    a. The business relationship between Learning Care Group ("LCG"), Carlene Armetta, David Armetta, and Aspira.

    b. The position and responsibilities of Carlene Armetta as an employee of LCG.

    c. The role of David Armetta and Aspira as vendors for LCG.

    d. The circumstances concerning the termination of Carlene Armetta's employment with LCG.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately following the entry of this Scheduling Order and

completed (not propounded) by June 10, 2014 .

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of approximately six (6) depositions of fact witnesses and that the defendant will require approximately three (3) to five (5) depositions of fact witnesses.  The depositions will commence by February 15, 2014 and will be completed by June 10, 2014.

5. The parties will not request permission to serve more than 25 interrogatories.

6. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014.  Depositions of any experts will be completed by May 1, 2014.

7. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014.  Depositions of any experts will be completed by May 1, 2014.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2014.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including,

   but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

 F. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before August 10, 2014.

 G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after decisions on dispositive motions are issued by the Court.

VI. <u>Trial Readiness</u>

This case will be ready for trial on the date of submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Respectfully submitted on behalf of
Plaintiff LEARNING CARE GROUP, INC.**

**By: /s/ Jyotin Hamid**
**Jyotin Hamid
Tricia B. Sherno
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 909-1999
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
Email: tbsherno@debevoise.com**

**By: /s/ Stephen P. Fogerty**
**Stephen P. Fogerty
HALLORAN & SAGE LLP
315 Post Road West
Westport, Connecticut 06880
Phone: (203) 227-2855
Fax: (203) 227-6992
Email: fogerty@halloran-sage.com**

**Respectfully submitted on behalf of
Defendants CARLENE ARMETTA, DAVID
ARMETTA  and ASPIRA MARKETING DIRECT, LLC**

**By: /s/Joseph M. Pastore III**
**Joseph M. Pastore III
Pastore & Dailey LLC
4 High Ridge Park, 3d Floor
Stamford, CT  06905
Telephone:  (203) 658-8454
Facsimile:  (203) 348-0852
Email:  jpastore@psdlaw.net**

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2014, a copy of foregoing was filed electronically via operation of the Court's CM/ECF Electronic Filing System.  A Notice of Electronic Filing will be sent by e-mail to all parties appearing in this matter via operation of the Court's CM/ECF Electronic Filing System or by mail to anyone unable to accept electronic filing as indicated on the Notice.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Jyotin Hamid*
**Jyotin Hamid**