UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEARNING CARE GROUP, INC,
    Plaintiff/Consolidated Defendant,

    v.                                                        CASE NO. 3:13-cv-1540(VAB)

CARLENE ARMETTA,
DAVID ARMETTA, and
ASPIRA DIRECT MARKETING, LLC,
    Defendants/Consolidated Plaintiffs.

**RULING ON CONSOLIDATED PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Consolidated Plaintiffs[1], David Armetta and Aspira Direct Marketing, LLC ("Aspira"), bring this Motion to Amend the Complaint, ECF No. 82, seeking to add claims of common law fraud and negligent misrepresentation, as well as to clarify the current claims of unjust enrichment and quantum meruit. The initial Complaints brought by Mr. Armetta, Aspira, and Carlene Armetta asserted a total of seven causes of action: defamation (as to Mr. and Mrs. Armetta), breach of contract and wrongful termination (as to Mrs. Armetta), commercial disparagement (as to Mr. Armetta and Aspira), unjust enrichment and quantum meruit (as to all three Plaintiffs), and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (as to all three Plaintiffs), Conn. Gen. Stat. §42-110b(a) *et seq*. *See* First Am. Compl.,

---

[1] This case has been consolidated with two other cases, numbered 3:13-cv-1461 and 3:13-cv-1464. In these consolidated cases, the parties listed as Defendants/Consolidated Plaintiffs on the instant case's docket sued LCG, which is listed as a Plaintiff/Consolidated Defendant. For the sake of convenience, the Court will refer to LCG as "Defendant" and Mr. Armetta and Aspira as "Plaintiffs" with the understanding that both sides sued each other at roughly the same time and that both sides have asserted claims against the other arising out of the same set of facts. Mrs. Carlene Armetta also remains a party in the case but has not sought leave to amend her Complaint.

ECF No. 18, Case No. 13-cv-1461; First Am. Compl., ECF No. 18, Case No. 13-cv-1464; *see also* Ruling on Mot. to Dismiss 1, ECF No. 71.  In its ruling on LCG's Motion to Dismiss, the Court dismissed all but the wrongful termination claim brought by Mrs. Armetta and the unjust enrichment and quantum meruit claims brought by Mr. Armetta and Aspira, with a limitation on the damages theory.  *See* Ruling on Mot. to Dismiss 56-57, ECF No. 71.  The Court granted Mrs. Armetta leave to re-plead her breach of contract, unjust enrichment and quantum meruit claims, but she did not do so.  *Id.*

On October 16, 2014, after the Court's ruling on the Motion to Dismiss, Mr. Armetta and Aspira filed an initial Motion to Amend their Complaint, ECF No. 77.  The Court denied the motion without prejudice because it improperly included aspects of the first Complaint that the Court had dismissed.  Tr. Of Hr'g 65:12-67:3, ECF No. 94.[2]  Mr. Armetta and Aspira renewed the motion on October 23, 2014 and struck all references to the dismissed claims and theories, ECF No. 82.  For the reasons that follow, the Plaintiffs' Motion to Amend the Complaint is **GRANTED**.

In considering a motion to amend, Rule 15 provides that "[t]he court should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In considering whether to grant a litigant leave to amend, the Court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to

---

[2] The Proposed Amended Complaint contained a theory of damages for the unjust enrichment and quantum meruit claims that the Court had dismissed.  Ruling on Mot. to Dismiss 53-56, ECF No. 71.

allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (citation omitted). LCG fails to show that any of these factors weigh in favor of the Court denying the Motion to Amend.

First, LCG argues that the request is untimely, because Plaintiffs knew the information supporting their proposed additional claims when they filed the initial Complaint. Opp. Br. 2-3, ECF No. 81. The Court finds that delay, without more, does not provide a basis to deny Plaintiffs' Motion to Amend. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay [ ] absent a showing of bad faith or undue prejudice, does not provide a basis to deny the right to amend.") (citations omitted). Moreover, Plaintiffs indicated their desire to amend the Complaint roughly two weeks after the Court's ruling on the Motion to Dismiss, when they filed their initial Motion to Amend. Regardless of whether Plaintiffs' knew the facts supporting their claim when they filed their initial Complaint, the Court's Motion to Dismiss Ruling significantly altered their viable claims as well as the damages theory for the unjust enrichment and quantum meruit claims. Thus, Plaintiffs filed their motion at an appropriate time.

Moreover, any prejudice LCG may suffer from allowing the amendment will be minimal. "In determining what constitutes 'prejudice,' [the Second Circuit has] consider[ed] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (citations omitted); *see also Roessner v. Emp. Term Life*, 589 F. Supp.2d 174, 177

3

(D. Conn. 2008) (finding no prejudice where "the new allegations [ ] stem from the same underlying facts… and would not require Defendants to expend significant additional resources or significantly delay the resolution of the dispute" and the motion to amend was filed prior to any summary judgment briefing) (citations and internal quotation marks omitted).  As Plaintiffs argue, the amendment request was not made on the eve of trial and there were no summary judgment motions filed. Moreover, the claims arise out of the same facts as those made in the current Complaint, thus LCG should not need to engage in additional discovery, as  LCG's counsel conceded during the June 30, 2015 telephone call the Court held to discuss the motion.

Finally, LCG cites no legal authority justifying its claim that the additional counts are futile, nor does it explain the basis for the argument.  Opp. Br. 4, ECF No. 81.[3]  Thus, the Court cannot determine that the claims are futile.  Accordingly, the Motion to Amend the Complaint, ECF No.82, is **GRANTED**.  **Within ten (10) days of this Order, Plaintiffs must file the Proposed Second Amended Complaint attached as Exhibit 1, ECF No. 82-1, to the Motion to Amend as a Second Amended Complaint on the docket.**

---

[3] During the June 30, 2015 telephone call with the Court, LCG's counsel indicated that it believed that the claims Plaintiffs seek to add are the same claims that this Court already dismissed in its Motion to Dismiss ruling.  However, because LCG failed to explain its position in its Opposition Brief and failed to cite legal authority, the Court cannot find that the claims are futile at this time.  However, if the claims are indeed futile and fail as a matter of law, LCG will be entitled to make those arguments in a motion to dismiss or motion for summary judgment, citing to legal authority and record evidence as appropriate.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of July 2015.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge