UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LEARNING CARE GROUP, INC,
      Plaintiff/Consolidated Defendant,

      v.                                  CASE NO. 3:13-cv-1540(VAB)

CARLENE ARMETTA,
DAVID ARMETTA, and
ASPIRA DIRECT MARKETING, LLC,
      Defendants/Consolidated Plaintiffs.


**RULING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

The consolidated Plaintiffs, Carlene Armetta, David Armetta, and Aspira

Direct Marketing, LLC ("Aspira") and the consolidated Defendant Learning Care

Group, Inc. ("LCG") have sued each other alleging various claims arising out of the

termination of their business relationship.[1]  Before the Court is the consolidated

Plaintiffs' Motion for Attorney's Fees, ECF No. 80, which asks the Court to order LCG

to pay the attorney's fees that were incurred in drafting and filing a motion to

compel under Rule 37(a)(5)(A) in the amount of $14,830.  Mot. for Attorney's Fees

3, ECF No. 80; Fed. R. Civ. P. 37(a)(5)(A).  For the reasons that follow, the Motion for

Attorney's Fees, ECF No. 80, is **GRANTED IN PART** in that the Court finds an award

of fees is proper but **DENIED IN PART** in that the Court declines to award the full

---

[1] This case has been consolidated with two other cases, numbered 3:13-cv-1461 and 3:13-
cv-1464.  In these consolidated cases, the parties listed as Defendants/Consolidated
Plaintiffs on the instant case's docket sued LCG, which is listed as a Plaintiff/Consolidated
Defendant.  For the sake of convenience, the Court will refer to LCG as "Defendant" and Mr.
Armetta and Aspira as "Plaintiffs" with the understanding that both sides sued each other at
roughly the same time and that both sides have asserted claims against the other arising out
of the same set of facts.  Ms. Armetta also remains a party in the case but is not seeking
attorney's fees.  Mot. for Attorney's Fees, ECF No. 80.

1

$14,830 requested by the Plaintiffs.  The Court awards $10,205, for the reasons

explained below.

## Background

Plaintiffs filed the underlying Motion to Compel, ECF No. 74, seeking various

types of discovery-related relief, including an order compelling LCG to provide

documents electronically stored on Mr. Smith's physical hard drive and compelling

discovery of Ms. DeWalt's computer and clarification regarding the computer's

location and status, which LCG had described at the time as "unavailable."  Mot. for

Attorney's Fees 2, ECF No. 80.[2]  The Court held a hearing on the motion to compel on

October 16, 2014, ECF No. 79, and ruled from the bench, granting these two

requests and denying the remainder of the relief requested.  Order, ECF No. 84; Tr.

of Hr'g on Mot. to Compel 23:16-21, 25:15-26:1, ECF No. 94.  The Court followed up

with an explanatory text order on November 21, 2014 that memorialized its ruling.

ECF No. 84.[3]  During the hearing, the Court indicated that Plaintiffs should file a

---

[2] Plaintiffs made other requests, which were denied and are not relevant for the purposes of resolving the Motion for Attorney's Fees, ECF No. 80.

[3] The text of the Order provided as follows:  "In accordance with the Court's findings in its 10/16/14 hearing, the Court grants in part and denies in part Consolidated Plaintiffs Armettas' and Aspira's 74 Motion to Compel as follows: (1) Consolidated Plaintiffs' motion to compel the production of internal investigation documents is DENIED as moot, as the parties have agreed to the deposition of Mr. Lobosco, who is subject to subpoena; (2) Consolidated Plaintiffs' motion to appoint independent counsel for Ms. DeWalt is DENIED as moot, as the parties have agreed to consult independent ethics counsel on the need for separate representation; (3) Consolidated Plaintiffs' motion to compel the production of certain LCG financial records is DENIED as moot, as the parties reported that this dispute was resolved before the hearing; (4) Consolidated Plaintiffs' motion to compel the production of supplemental documents from Mr. Smith's physical hard drive is GRANTED, and Consolidated Defendant LCG is ordered to produce all such documents in the appropriate format, Bates stamped and signed under penalty of perjury; and (5) Consolidated Plaintiffs' motion to compel a representation concerning the unavailability of Ms. DeWalt's computer is granted, and Consolidated Defendant LCG is ordered to produce an affidavit from the LCG custodian responsible for restoring and reassigning Ms. DeWalt's

2

motion for attorney's fees if they so desired.  *See* Tr. of Hr'g on Motion to Compel, 46:23-47:9, ECF No. 94.

## LCG's Late Opposition Brief

As a preliminary matter, Plaintiffs argue that the Court cannot consider LCG's Opposition Brief, ECF Nos. 85, 87, because it was filed late.  Reply Br. 1, ECF No. 88.[4] When a party misses a deadline and does not request an extension before the deadline expires, the Court may only accept the late filing if the party shows that the delay was caused by "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Neglect may be a mistake on the part of counsel, but the inquiry into whether neglect was "excusable" is equitable and takes into account the following four factors: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *Falls v. Novartis Pharms. Corp.*, No. 3:13cv270 (JBA), 2014 U.S. Dist. LEXIS 105950, at *6-8 (D. Conn. Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

While mere attorney inadvertence does not typically constitute excusable neglect, the "beyond mere inadvertence [showing] should not be construed to preclude a district court from granting a Rule [6(b)(1)(B)][5] motion in appropriate

---

computer after Ms. DeWalt's departure, and to make the computer available for forensic analysis at Consolidated Plaintiffs' expense."  Order, ECF No. 84.

[4] LCG's opposition brief was filed sixteen days after the deadline of November 10, 2014. *See* D. Conn. L. Civ. R. 7(a)1 ("all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion").

[5] The Court's ruling refers to Rule 6(b)(2), which became Rule 6(b)(1)(B) and at the time provided that "[w]hen by these rules… an act is required or allowed to be done at or within

circumstances." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66-67 (2d Cir. 1998)

(noting that "mere inadvertence, without more, *can* in some circumstances be

enough to constitute excusable neglect justifying relief under Rule [6(b)(1)(B)]" and

affirming a district court's acceptance of a late filing) (emphasis in original).

Although LCG's counsel has failed to provide any explanation for why their

submission was late, the Court will exercise its discretion and accept the late filing,

because it is the only filing that includes Plaintiffs' counsel's time records as an

exhibit, which is crucial to a ruling on their Motion for Attorney's Fees. *See Komondy*

*v. Gioco,* No. 3:12-CV-250 (CSH), 2015 WL 1311314, at *4 (D. Conn. Mar. 23, 2015)

(noting that contemporaneous time records are "a prerequisite for attorney's fees in

this Circuit") (quoting *New York Ass'n of Retarded Children v. Carey,* 711 F.2d 1136,

1147-48 (2d Cir. 1983)).  There is also no evidence that LCG acted in bad faith and

the delay was for a roughly two weeks, a relatively short period of time given the

type of motion.  Moreover, Plaintiffs rely on LCG's exhibit in their Reply Brief. *See*

Reply Br. 6, ECF No. 88.  Thus, allowing the late objection does not prejudice the

Plaintiffs and, indeed, is crucial to their success on their Motion for Attorney's Fees.

Therefore, the Court will consider LCG's late Opposition Briefs, ECF Nos. 85, 87.

## Motion for Attorney's Fees

The prevailing party on a motion to compel is entitled to receive "reasonable

expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P.

---

a specified time, the court for cause shown may at any time in its discretion… upon motion
made after the expiration of the specified period permit the act to be done when the failure
to act was the result of excusable neglect."  *Raymond*, 148 F.3d at 65 (quoting Fed. R. Civ. P.
6(b)(2)); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
§1165 (4th ed. 2015) (noting that current Rule 6(b)(1)(B) was formerly Rule 6(b)(2)).

37(a)(5)(A).  The Court may only award fees incurred in the making of a necessary

motion.  *See Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280, 285 (S.D.N.Y. 1984)

("[T]he Court must make a careful determination, based upon its knowledge and

experience of the litigation process, of the additional expenses incurred by

defendant as a direct result of such noncompliance as is found."); *S.E.C. v. Yorkville*

*Advisors, LLC,* No. 12 CIV. 7728 (GBD)(HBP), 2015 WL 855796, at *9 (S.D.N.Y. Feb.

27, 2015) ("Monetary sanctions under Rule 37(a)... are intended to deter discovery

abuses... [and] are designed to compensate the prevailing party for expenses it

would not have incurred had the sanctioned party conducted itself properly.")

(citation and internal quotation marks omitted).

An award of attorney's fees under Rule 37(a)(5)(A) is typically calculated

using the lodestar method, which requires the Court to determine counsel's

reasonable hourly rate and multiply it by the reasonable number of hours counsel

expended.  *See Bowne of New York City v. AmBase Corp.,* 161 F.R.D. 258, 266-67

(S.D.N.Y. 1995); *see also Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir.

2014) (describing the lodestar method).  The hourly rates used in this calculation

should be "what a reasonable, paying client would be willing to pay..." and "should

be in line with those [rates] prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience and reputation."  *Yorkville*

*Advisors, LLC*, 2015 WL 855796, at *16 (citations and internal quotation marks

omitted).  In determining the reasonable rate, the Court may also consider, among

other factors, the complexity of the case, the resources required to prosecute the

case, the timing demands of the case, and the other returns, including reputation,

that a lawyer might expect from the representation.  *Id.* at *17 (citing *Arbor Hill*

*Concerned Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007));

*see also AmBase Corp.,* 161 F.R.D. at 266-67.

First, LCG argues that an award of attorney's fees is not warranted because

the Court did not grant Plaintiffs' Motion to Compel in its entirety.  Opp. Br. 2-3, ECF

No. 85.  The Court disagrees.  So long as some part of a motion to compel was

granted, fees may be awarded.  *See e.g., Ahern v. Trans Union LLC Zale Corp.*, CIVIL

3:01CV2313 (DJS), 2002 WL 32114492, at *4 (D. Conn. Oct. 23, 2002) (granting in

part a motion to compel and noting that the movant was "free to seek an award of

attorney's fees in connection with successful prosecution of [the] motion to

compel"); *Ceglia v. Zuckerburg*, 10-CV-00569A, 2013 U.S. Dist. LEXIS 66728, at * 4

(W.D.N.Y. May 9, 2013)(noting that a motion to compel was granted in part and

allowing recovery of fees incurred in connection with that successful portion of the

motion).

Second, LCG argues attorney's fees are not warranted because the Motion to

Compel was unnecessary, in light of the fact that LCG was in the process of searching

for responsive documents when the motion was filed and had been ordered by the

Court to prioritize other discovery.  Opp. Br. 3-4, ECF No. 85.  The fact that LCG was

busy with other discovery or was in the process of responding does not explain why

it did not come to the Court and request an extension.

In the alternative, LCG argues that the amount Plaintiffs seek is "excessive

bordering on unbelievable."  Opp. Br. 5, ECF No. 85.  The Court agrees that the bills

do not appear to reflect only work done "making" the Plaintiffs' Motion to Compel

and will not award the full amount of fees requested for that reason.  *See RBS Holdings, Inc. v. Gordon & Ferguson, Inc.*, No. 06 CIV. 6404(HB)(KNF), 2007 WL 2936320, at *3 (S.D.N.Y. Oct. 4, 2007) (declining to award legal fees for a task grouped with other tasks not related to the motion to compel); *Oxford Venture Fund Ltd. P'ship v. CIT Grp./Equip. Fin., Inc.*, No. 89 CIV. 1836(SWK), 1990 WL 176102, at *2 (S.D.N.Y. Nov. 5, 1990) ("[C]ertain specific entries in the time records of defendants' counsel do not relate to the subject matter of the motion to compel… No fees will be awarded for these activities.")

Accordingly, the Court will not award expenses for the following time entries:

1. 9/10/2014 "Conference with C. Geotes regarding strategy issues"
2. 9/19/2014 "Call with Fogerty re: meet and confer; Discussions with J. Pastore; Call with clients; Discussions with K. Leisch re: motion to compel"
3. 9/26/2014 "Emails; work on motion to compel issues"
4. 9/29/2014 "Review of unemployment appeal decision; Discussion with J. Pastore on same; Continued work on motion to compel"
5. 9/30/2014 "Meeting with J. Pastore and clients; Review of motion to dismiss ruling; Multiple discussions with J. Pastore on same; Email correspondence internally and with clients; Draft letters to Judge Bryant and Magistrate Smith regarding filing; Updates to motion to compel, and finalizing and filing of same"

Time entry number 1 is too vague and does not refer to the motion to compel.  Time entries numbered 2-5 include tasks that do not specifically relate to the making of the motion to compel and provide no basis to disaggregate the motion to compel time from the time devoted to other tasks.  All other time entries listed in the exhibit filed by LCG will be compensated.  Ex. 1, Opp. Br., ECF No. 85.  Excluding the time entries that the Court will not consider, Attorney Pastore worked a total of 8.3 hours on the motion, Attorneys Leisch and Geotes worked a total of 18.8 hours.

As for the rate, Attorney Pastore has conceded that his rate of $775 per hour is not the typical, prevailing rate charged in the District of Connecticut.  Reply Br. 7, ECF No. 88.  Therefore, in accordance with rates that prevail in the District of Connecticut, as conceded by Plaintiffs' counsel, *see* Reply br. 7-8, ECF No. 88, the Court awards $550 per hour for Attorney Pastore, and $300 per hour for Attorneys Leisch and Geotes, which results in a total award of $10,205 in attorney's fees.

## CONCLUSION

For the reasons set forth above, the consolidated Plaintiffs' Motion for Attorney's Fees, ECF No. 80, is **GRANTED IN PART** and **DENIED IN PART**, and the consolidated Plaintiffs are awarded $10,205 in attorney's fees under Rule37.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of September 2015.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge